**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HARTFORD FIRE INSURANCE COMPANY,
Plaintiff-Appellee,

v.

T. A. LOVING COMPANY,
INCORPORATED,
Defendant & Third Party                     No. 95-2800
Plaintiff-Appellant,

v.

ECF, INCORPORATED, d/b/a
Underwood-Dawson,
Third Party Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
W. Earl Britt, District Judge.
(CA-94-47-3-BR)

Argued: June 7, 1996

Decided: July 2, 1996

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David McKinley Barnes, POYNER & SPRUILL, L.L.P.,
Raleigh, North Carolina, for Appellant. Peter M. Foley, RAGSDALE,

LIGGETT & FOLEY, P.L.C., Raleigh, North Carolina, for Appellee Hartford; Michael Terry Medford, MANNING, FULTON & SKINNER, P.A., Raleigh, North Carolina, for Appellee ECF. **ON BRIEF:** Eric P. Stevens, POYNER & SPRUILL, L.L.P., Raleigh, North Carolina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

T. A. Loving Company, Incorporated (TALCO) appeals from the grant of summary judgment in favor of Hartford Fire Insurance Company (Hartford) and ECF, Incorporated (ECF). TALCO principally asserts that because the term "waterborne," contained in an exclusionary provision of an insurance contract between TALCO and Hartford, is ambiguous, Hartford is responsible for damage to a crane leased by TALCO. We affirm.

I.

The material facts are undisputed. TALCO operated a leased crane atop a barge on the Currituck Sound in North Carolina. Long pilings driven into the bottom of the sound, and attached to the barge via metal bands, kept the barge from drifting with the current, but permitted it to rise and fall with the tide. High winds caused the boom of the crane to collapse, resulting in considerable damage, and TALCO applied to Hartford, which insures TALCO's equipment, for reimbursement.

Hartford filed this action seeking a declaration that it was not liable for the damage to the crane due to a provision in the insurance policy excluding coverage for "[p]roperty while waterborne or airborne, except while in transit in the custody of a carrier for hire." J.A. 19.

2

TALCO counterclaimed against Hartford and filed a third-party complaint against ECF, TALCO's agent, alleging that ECF was negligent in failing to procure coverage for the crane.

The district court granted summary judgment in favor of Hartford and ECF. Applying North Carolina contract law, the court concluded that the term "waterborne" as used in the insurance contract was not ambiguous, that "waterborne" meant "floated or floating upon the water," and that the crane was "waterborne." J.A. 172. The district court also ruled that ECF had not breached any duty owed to TALCO because ECF simply had added the crane to TALCO's existing policy as TALCO had requested and because TALCO never requested additional information from ECF regarding "waterborne" coverage for the crane.

II.

We have considered the briefs and arguments of the parties and affirm the judgment of the district court. Hartford Fire Ins. Co. v. T. A. Loving Co., No. 94-47 (E.D.N.C. Aug. 30, 1995). TALCO concedes, as it must, that the crane was "floating on water" and that the term "waterborne" means "floating on water," regardless of whether it also means "floated" or "being conveyed by water." The exclusionary provision of the contract thus applies and summary judgment was proper.

AFFIRMED